# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCREEN ACTORS GUILD-AMERICAN FEDERATION OF TELEVISION AND RADIO ARTISTS,<br><br>       Plaintiff,<br><br>    v.<br><br>LABC PRODUCTIONS, LLC, et al.,<br><br>       Defendants. | Case No. CV 21-9879 FMO (MAAx)<br><br>**ORDER** |

    Having reviewed and considered all the briefing filed with respect to the Motion to Dismiss Plaintiff's Complaint (Dkt. 26, "Motion"), filed by LABC Productions, LLC, DirecTV, LLC, DirecTV Holdings LLC, DirecTV Enterprises, LLC, The DirecTV Group, Inc., AT&T Services, Inc., and AT&T Corp (collectively, "defendants"), the court finds that oral argument is not necessary to resolve the Motion, see Fed. R. Civ. P. 78(b); Local Rule 7-15; Willis v. Pac. Mar. Ass'n, 244 F.3d 675, 684 n. 2 (9th Cir. 2001), and concludes as follows.

    Many motions to dismiss can be avoided if the parties confer in good faith (as required by Local Rule 7-3), especially for perceived defects in a complaint, answer or counterclaim that could be corrected by amendment. See Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003) (where a motion to dismiss is granted, a district court should provide leave to amend unless it is clear that the complaint could not be saved by any amendment). Moreover, a party has the right to amend the complaint "once as a matter of course[.]" Fed. R. Civ. P. 15(a)(1). Even after a complaint has been amended or a responsive pleading has been served,

the Federal Rules of Civil Procedure provide that "[t]he court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). The Ninth Circuit requires that this policy favoring amendment be applied with "extreme liberality." Owens v. Kaiser Found. Health Plan, Inc., 244 F.3d 708, 712 (9th Cir. 2001); Morongo Band of Mission Indians v. Rose, 893 F.2d 1074, 1079 (9th Cir. 1990).

The court will grant defendants' Motion and dismiss plaintiff's Complaint (Dkt. 1) with leave to amend. In preparing the First Amended Complaint, plaintiff shall carefully evaluate the issues set forth in this Order and the contentions set forth in defendants' Motion. For example, as to plaintiff's first and third causes of action pursuant to the Digital Millennium Copyright Act ("DMCA"), 28 U.S.C. § 4001, the court is skeptical that plaintiff sufficiently alleged that each of the seven remaining defendants[1] was an "affiliate" under the Production Agreement and a transferee of the interest in copyright, and that each defendant had actual or constructive knowledge that the television series, Mr. Mercedes (the "Series") was produced subject to a collective bargaining agreement. See, e.g., Screen Actors Guild, Inc. v. Smoke Tree Prods., LLC ("Smoke Tree"), 2011 WL 13272696, *7 (C.D. Cal. 2011) (describing the requirements for DMCA liability and explaining that it provides a "mechanism by which a court may find that a non-signatory to a collective bargaining agreement assumed the contractual obligations set forth therein"); see, generally, Am. Fed'n of Musicians of the United States & Canada v. Rural Media Grp., Inc. ("Rural Media"), 2021 WL 848699, *3 (M.D. Tenn. 2021) (same). Similarly, the court is skeptical that plaintiff has adequately alleged that each defendant is an exclusive licensee for purposes of its second and fourth causes of action pursuant to § 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185.[2] See, generally, Rural Media, 2021 WL 848699, at *4 (explaining that "[t]he plain

---

[1] The court dismissed defendant AT&T Entertainment Group without prejudice for failure to effect service. (See Dkt. 43, Court's Order of July 18, 2022).

[2] Referring to defendants collectively as "AT&T," (Dkt. 1, Complaint at ¶ 1), the Complaint alleges that "[p]ursuant to the terms of the Production Agreement, and based on AT&T's conduct in response to the grievance arbitration process preceding this action, and on information and belief when applicable, Defendants . . . collectively, are the central entities and/or divisions in the AT&T corporate family that were involved in the production, financing and domestic exploitation

language of the DMCA . . . suggests that, if the necessary requirements are met, an exclusive licensee can be made the legal equivalent of an original employer" for purposes of the LMRA).

Although the court will grant defendants' Motion, several of their contentions are unpersuasive. First, defendants' argument that plaintiff's claims must be dismissed because "there were no written agreements between [plaintiff] and any Defendant[,]" (Dkt. 26, Motion at 4); (see also id. at 7-9, 17); (Dkt. 35, Defendants' Reply in Support of Their Motion to Dismiss [] ("Reply") at 1-2, 5-6, 15-16), misses the mark. Obviously, plaintiff's promissory estoppel and quasi-contract claims do not require a signed written agreement between plaintiff and defendants, and nor do plaintiff's claims under the DMCA and LMRA. See, e.g., Smoke Tree, 2011 WL 13272696, at *9 (finding that the plaintiff had established liability under the DMCA even though the defendants were not signatories to the collective bargaining agreement); Rural Media, 2021 WL 848699, at *3 (same); id. at *2-4 (explaining that "there is no categorical rule that only signatory employers may be sued under the LMRA" and rejecting the defendants' argument that the LMRA covered claims only against companies that signed a collective bargaining agreement).

Second, defendants' assertions that plaintiff procedurally erred by filing a complaint rather than a petition to compel arbitration, and that it would be improper for plaintiff to file a motion to compel arbitration under these circumstances, (see Dkt. 26, Motion at 7); (Dkt. 35, Reply at 1, 3-4), are unfounded. As the court explained in the only case that defendants cite for support, (see Dkt. 26, Motion at 7); (Dkt. 35, Reply at 4), "once a complaint has been filed, as is the case here, the proper way to compel arbitration is through a motion to compel arbitration." Balboa Cap. Corp. v. New Image Dental Lab'y, Inc., 2020 WL 3655830, *1 (C.D. Cal. 2020).

Finally, defendants' contention that plaintiff's sixth cause of action "for 'restitution under quasi-contract or unjust enrichment' on the grounds that California law does not recognize such a claim for relief[,]" (Dkt. 26 at 23) (quoting Dkt. 1, Complaint at p. 28), overlooks that the Ninth Circuit has rejected the same argument. See Astiana v. Hain Celestial Grp., Inc., 783 F.3d 753,

---

of the Series." (Id. at ¶ 22). Although it may be appropriate to refer to defendants collectively in the Complaint, it is unclear on what basis plaintiff alleges that each defendant was "involved in the production, financing and domestic exploitation of the Series."

3

762 (9th Cir. 2015) (holding that "[w]hen a plaintiff alleges unjust enrichment, a court may construe the cause of action as a quasi-contract claim seeking restitution" and reversing the district court's dismissal of a restitution claim).

Based on the foregoing, IT IS ORDERED THAT:

1.      Defendants' Motion to Dismiss **(Document No. 26)** is **granted**.

2.      The Complaint (Dkt. 1) is **dismissed with leave to amend**.

3.      Plaintiff shall file a first amended complaint, attempting to cure the deficiencies set forth above, as well as the other alleged defects outlined in defendants' Motion, or a Notice of Intent to Stand on Original Complaint ("Notice of Intent"), no later than **March 6, 2023**. See WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1135-36 (9th Cir. 1997) ("Unless a plaintiff files in writing a notice of intent not to file an amended complaint, such dismissal order is not an appealable final decision. In a typical case, filing of such notice gives the district court an opportunity to reconsider, if appropriate, but more importantly, to enter an order dismissing the action, one that is clearly appealable."). The court expects that defendant will agree to any amendments that will or attempt to cure the alleged defects.

4.      The first amended complaint must be labeled "First Amended Complaint," filed in compliance with Local Rule 3-2 and contain the case number assigned to the case. In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make its First Amended Complaint complete. Local Rule 15-2 requires that an amended pleading be complete in and of itself without reference to any prior pleading. This is because, as a general rule, an amended pleading supersedes the original pleading. See Ramirez v. Cnty. of San Bernardino, 806 F.3d 1002, 1008 (9th Cir. 2015) ("It is well-established in our circuit that an amended complaint supersedes the original, the latter being treated thereafter as non-existent. In other words, the original pleading no longer performs any function[.]'") (citations and internal quotation marks omitted).

5.      Plaintiff is cautioned that failure to timely file a First Amended Complaint or Notice of Intent shall result in this action being dismissed without prejudice for failure to prosecute and failure to comply with a court order. See Fed. R. Civ. P. 41(b); Link v. Wabash R.R. Co., 370 U.S.

626, 629-30, 82 S.Ct. 1386, 1388 (1962); Edwards v. Marin Park, Inc., 356 F.3d 1058, 1065 (9th Cir. 2004) ("The failure of the plaintiff eventually to respond to the court's ultimatum – either by amending the complaint or by indicating to the court that it will not do so – is properly met with the sanction of a Rule 41(b) dismissal."); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-63 (9th Cir. 1992) (affirming dismissal for failure to file amended complaint as ordered by district court).

6. Defendants shall file their Answer to the First Amended Complaint or a motion pursuant to Fed. R. Civ. P. 12[3] no later than **March 20, 2023**.

7. In the event defendants wish to file another motion to dismiss, then counsel for the parties shall, on **March 13, at 10:00 a.m.**[4] meet and confer in person, via video, or telephonically to discuss defendants' motion to dismiss. Defendants' motion must include copies of all meet and confer letters as well as a declaration that sets forth, in detail, the entire meet and confer process (i.e., when and where it took place, how long it lasted and the position of each attorney with respect to each disputed issue that will be the subject of the motion). Failure to include such a declaration will result in the motion being denied.

Dated this 24th day of February, 2023.

/s/
Fernando M. Olguin
United States District Judge

---

[3] Defendants are cautioned that any future motion to dismiss that improperly attaches documents may result in denial of the motion. See Khoja v. Orexigen Therapeutics, Inc., 899 F.3d 988, 999 (9th Cir. 2018) ("Just because [a] document itself is susceptible to judicial notice does not mean that every assertion of fact within that document is judicially noticeable for its truth.").

[4] Counsel may agree to meet and confer at another time without seeking court approval for such an agreement.